

**Uzi Marom**
PO Box 722
Alpine, NJ 07620
646-552-7424
Uzimarom9@gmail.com

```
U.S. BANKRUPTCY COURT
       FILED
    NEWARK, NJ

10 MAY 24 AM 9: 32

JAMES J. WALDRON
BY: _____
     DEPUTY CLERK
```

May 20, 2010

Honorable Novalyn Winfield
US Bankruptcy Court
MKL Federal Building
50 Walnut Street
Newark, NJ 07102

Re: Chapter 7 Case No: 09-40186

Dear Judge Winfield,

I received the Notice of Motion and Motion of Chapter 7 Trustee to Dismiss Case, Hearing Date 06/07/2010. I am writing to oppose this motion and humbly apologize for any miscommunication and misunderstanding that has arisen on this issue. I clearly recall responding to the request and thought it was received by the Trustee and that I was in compliance with the request for additional information (letter dated March 19, 2010). I regret not sending it Certified and apologize for any additional work it may have created.

With regard to the requested information, please refer to the attached letters and information submitted to the Chapter 7 Trustee, Mr. Nicholas Delzotti by my previous attorney, Robert M. Mayerovic who was involved in some degree in these three cases in question. I need to continue the Bankruptcy proceedings and am glad to provide all information possible.

Respectfully yours,

Uzi Marom

Cc: Nicholas Delzotti, Chapter 7 Trustee

# Robert M. Mayerovic
## ATTORNEY-AT-LAW

5600 Kennedy Boulevard
Suite 105
WEST NEW YORK, NEW JERSEY 07093

(201) 868-1210
Telecopier: (201) 868-2560

May 20, 2010

Nicholas J. Delzotti, Esq.
Chapter 7 Trustee
9-11 Franklin Street Suite 303B
Newark, NJ 07102

In Re: Uzi Marom
Case No.: 09-40186 NLW

Dear Mr. Delzotti:

There is the issue of 133-135 Grove Street which were duplex homes that were developed by Mr. Michael Krayn and Mr. Uzi Marom. As I understand it, Mr. Marom was a real estate broker working at ReMax Properties Tenafly. Mr. Marom was the selling agent on the acquisition of the property and also the listing and selling agent on the sale. Essentially, Krayn and Marom bought the lot which had a single family structure, the structure was demolished, the lot sub-divided, and there was a sale of 133 Grove Street and then 135 Grove Street. I did not represent any of the buyers or sellers but I am told there are files that exist and have to be subpoenaed. It is my understanding that there are no signed agreements for the partnership. However, there are signed listing agreements and commissions due Mr. Marom on the listing agreements. Mr. Marom never got paid on the existing listing agreements. The commissions were supposed to be a percentage of 1.3 million and as I understand it, Mr. Marom may have gotten paid a total of $200.00. The listing agreements are with the Multiple Listing Service in Bergen County and there are closing files with ReMax Properties which reflect the transaction. I do not think (I'm guessing) that Mr. Krayn is going to dispute the fact that Mr. Marom managed/ supervised the construction of the two house. Those services were rendered independent of his services as a broker.

I am not sure with respect to your item #3 in your letter of March 19, 2010. Mr. Marom did renovation work at 33 Washington Street, Tenafly. My understanding is that most of his bill was not paid, he was kicked off the job, and there was an allegation of work not being done appropriately. I am unclear as to

what restaurant he allegedly owned. Mr. Marom tells me that there is a contract in the offices of Michael Yung Ho Yae, Esq. Those records can also be subpoenaed. Mr. Yae is located at One Kinderkamack Road, Hackensack, NJ. I don't believe that the contract with Tina Kang was ever fully performed by the parties. Mr. Marom advises that there is a contract out there.

My further understanding is that there is a motion with a return date of June 7, 2010. I would ask that you consider adjourning the motion for 30 days. I would ask that you issue subpoenas for the documents that do exist.

Thanking you for your kind attention to this matter, I remain

Very truly yours,

Robert M. Mayerovic, Esq.

RMM:nv
cc:
Mr. Uzi Marom

# Robert M. Mayerovic
## ATTORNEY-AT-LAW

5600 Kennedy Boulevard
Suite 105
WEST NEW YORK, NEW JERSEY 07093

(201) 868-1210
Telecopier: (201) 868-2560

May 20, 2010

Nicholas J. Delzotti, Esq.
Chapter 7 Trustee
9-11 Franklin Street Suite 303B
Newark, NJ 07102

In Re: Uzi Marom
Case No.: 09-40186 NLW

Dear Mr. Delzotti:

I represented Mr. Marom (the business entity) in connection with the 58- 69th Street, Guttenberg transaction. My file is closed and I still have to retrieve it from storage. However, I know the following:
1. There is a contract.
2. The contract was signed.
3. There is a deposit which is now with Mr. Pajonk's trust account.

You can contact Mr. Pajonk to confirm the above. I am enclosing copies of documents generated from my computer. As I am told, Mr. Marom put up the $35,000.00 deposit but the money came from Amos Ben Israel. I am enclosing a copy of my letter to Mr. Pajonk asking him to write you a letter confirming that he is holding the deposit, the amount of the deposit, and to provide you with a copy of the contract.

Very truly yours,

Robert M. Mayerovic, Esq.

RMM:nv
encls.
cc: w/o encls.
Mr. Uzi Marom
Arthur Pajonk, Esq. Via fax- 201-943-4066

# Robert M. Mayerovic
## ATTORNEY-AT-LAW

5600 Kennedy Boulevard
Suite 105
WEST NEW YORK, NEW JERSEY 07093

(201) 868-1210
Telecopier: (201) 868-2560

May 20, 2010

Arthur D. Pajonk, Esq.
Pajonk & Pajonk
684 Bergen Boulevard
Ridgefield, NJ 07657

In Re: Uzi Marom
Case No.: 09-40186 NLW
(Four Sons Realty Co. to Marom)
(58- 69 Street, Guttenberg, NJ)

Dear Mr. Pajonk:

Enclosed please find copy of my letter to Mr. Delzotti, the Chapter 7 Trustee.

With respect to the above transaction, I am requesting that you forward to Mr. Delzotti a letter confirming that you are holding the deposit, the amount of the deposit, and provide a of the contract.

Thanking you for your kind attention to this matter, I remain

Very truly yours,

Robert M. Mayerovic, Esq.

RMM:nv
encls.
cc: w/o encls.
Mr. Uzi Marom
Nicholas J. Delzotti, Esq./ Chapter 7 Trustee