| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**LAW OFFICES OF KENNETH L. BAUM LLC**<br>167 Main Street<br>Hackensack, New Jersey 07601<br>(201) 853-3030<br>(201) 584-0297 Facsimile<br>Kenneth L. Baum, Esq.<br>kbaum@kenbaumdebtsolutions.com<br>Attorneys for Uzi Marom | Case No. 09-40186 (JKS) |
| In re:<br><br>UZI MAROM,<br><br>                Debtor. | Chapter 7<br><br>Hearing Date: August 8, 2017 |

**ORDER (i) RE-OPENING CLOSED CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 350(b), (ii) ENFORCING THE DISCHARGE INJUNCTION AND HOLDING TAMAR COHEN AND THE ESTATE OF GAVRIEL BURSTEIN IN CIVIL CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. §§ 524(a) AND 105(a), AND (iii) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

(Page 2)
Debtor:                UZI MAROM
Case No.               09-40186 (JKS)
Caption of Order:      ORDER (i) RE-OPENING CLOSED CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 350(b), (ii) ENFORCING THE DISCHARGE INJUNCTION AND HOLDING THE ESTATE OF TAMAR COHEN AND THE ESTATE OF GAVRIEL BURSTEIN IN CIVIL CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. §§ 524(a) AND 105(a), AND (iii) GRANTING RELATED RELIEF

_____

**THIS CAUSE** having come before the Court on the motion of Uzi Marom, the above-captioned debtor (the "Debtor"), for entry of an order (i) re-opening the Debtor's closed Chapter 7 case pursuant to 11 U.S.C. § 350(b), (ii) enforcing the discharge injunction and holding Tamar Cohen ("Cohen") and the Estate of Gavriel Burstein (the "Burstein Estate") in civil contempt for violation of the discharge injunction and for related relief pursuant to 11 U.S.C. §§ 524(a) and 105(a), and (iii) for such other relief as the Court deems just and proper (the "Motion"); and the Court having considered the Certification of Uzi Marom (the "Marom Certification") and Application submitted in support of the Motion, objections thereto, if any, and oral argument, if any; and it appearing that Cohen and the Burstein Estate were given proper notice of the filing of the Chapter 7 Case; and it further appearing that the Debtor obtained his discharge in bankruptcy on July 29, 2010, and that, pursuant to 11 U.S.C. § 524(a), the State Court Judgment (as that term is defined in the Marom Certification) was voided; and it further appearing that neither Cohen nor the Burstein Estate's predecessor-in-interest, Gavriel Burstein, filed a complaint objecting to the dischargeability of their debts, and therefore, those debts were included in the Debtor's discharge; and it further appearing that Cohen and the Burstein Estate have willfully violated, and continue to willfully violate, the discharge injunction preventing them from, among other things, commencing or continuing any action to collect or recover their discharged debts

2

(Page 3)
Debtor: UZI MAROM
Case No. 09-40186 (JKS)
Caption of Order: ORDER (i) RE-OPENING CLOSED CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 350(b), (ii) ENFORCING THE DISCHARGE INJUNCTION AND HOLDING THE ESTATE OF TAMAR COHEN AND THE ESTATE OF GAVRIEL BURSTEIN IN CIVIL CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. §§ 524(a) AND 105(a), AND (iii) GRANTING RELATED RELIEF

---

from the Debtor or his property pursuant to 11 U.S.C. § 524(a); and due notice of the Motion having been given; and for good cause shown, it is hereby

ORDERED that the Debtor's case be and is hereby re-opened pursuant to 11 U.S.C. § 350(b); and it is further

ORDERED that Cohen and the Burstein Estate be and are hereby held to be in civil contempt for their willful violation of the discharge injunction, pursuant to 11 U.S.C. §§ 524(a) and 105(a); and it is further

ORDERED that Cohen and the Burstein Estate are permanently prohibited, enjoined, and stayed from commencing or continuing any action, lawsuit, proceeding, process, or other act to collect or recover their discharged debts from the Debtor or his property, including without limitation, on account of the State Court Judgment, pursuant to 11 U.S.C. § 524(a); and it is further

ORDERED that, within ____ days after entry of this Order, the Debtor shall file and serve on Cohen and the Burstein Estate an affidavit of costs setting forth the specific monetary damages he has incurred as a result of Cohen and the Burstein Estate's willful violation of the discharge injunction, including but not limited to, the Debtor's costs incurred in prosecuting the Motion (the "Affidavit of Costs"); and it is further

3

(Page 4)
Debtor:           UZI MAROM
Case No.          09-40186 (JKS)
Caption of Order: ORDER (i) RE-OPENING CLOSED CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 350(b), (ii) ENFORCING THE DISCHARGE INJUNCTION AND HOLDING THE ESTATE OF TAMAR COHEN AND THE ESTATE OF GAVRIEL BURSTEIN IN CIVIL CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. §§ 524(a) AND 105(a), AND (iii) GRANTING RELATED RELIEF

_____

ORDERED that Cohen and the Burstein Estate shall have ___ days from service of the Affidavit of Costs upon them to file with the Court and serve upon the Debtor's counsel (Law Offices of Kenneth L. Baum LLC, Attn: Kenneth L. Baum, Esq., 167 Main Street, Hackensack, New Jersey 07601, kbaum@kenbaumdebtsolutions.com) any objections to the allowance of monetary damages in the Debtor's favor; and it is further

ORDERED that the Court will hold a hearing on _____, 2017, at __ o'clock in the _____noon to consider the award of monetary damages requested in the Affidavit of Costs and any objections thereto.

4