**LAW OFFICES OF KENNETH L. BAUM**
A Limited Liability Company
167 Main Street
Hackensack, New Jersey 07601
Kenneth L. Baum, Esq.
kbaum@kenbaumdebtsolutions.com
(201) 853-3030
(201) 584-0297 Facsimile
*Attorneys for Uzi Marom*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
CASE NO. 09-40186 (JKS)
HON. JOHN K. SHERWOOD

Chapter 7

| In re: | |
|---|---|
| UZI MAROM, | |
| Debtor. | |

**CERTIFICATION OF UZI MAROM IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER (i) RE-OPENING CLOSED CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 350(b), (ii) ENFORCING THE DISCHARGE INJUNCTION AND HOLDING TAMAR COHEN AND THE ESTATE OF GAVRIEL BURSTEIN IN CIVIL CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION PURSUANT TO 11 U.S.C. §§ 524(a) AND 105(a), AND (iii) GRANTING RELATED RELIEF**

**Hearing Date: August 8, 2017, at 10:00 a.m.**

UZI MAROM, of full age, pursuant to 28 U.S.C. § 1746, hereby certifies under penalty of perjury as follows:

## INTRODUCTION

1. I am the debtor in the above-captioned Chapter 7 case, familiar with the facts and circumstances set forth herein, and am authorized to make this Certification in support of my motion for entry of an order (i) re-opening my closed Chapter 7 case pursuant to 11 U.S.C. §

350(b), (ii) enforcing the discharge injunction and holding Tamar Cohen and the estate of Gavriel Burstein in civil contempt for violation of the discharge injunction pursuant to 11 U.S.C. §§ 524(a) and 105(a), and (iii) granting related relief (the "Motion").

## BACKGROUND

**A.    The Chapter 7 Case**.

2.    On November 9, 2009, I filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey, which was docketed as Case No. 09-40186 (NLW) (the "Chapter 7 Case").  (A true copy of my Chapter 7 petition is attached as **Exhibit A**.)

3.    On December 11, 2009, I filed my schedules and Statement of Financial Affairs [Dkt. No. 19].  (True copies of my schedules and Statement of Financial Affairs are attached collectively as **Exhibit B.**)  Among the creditors listed in Schedule F are Tamar Cohen ("Cohen"), with an unsecured debt of $569,132.00, and Gavriel Burstein ("Burstein"), with an estimated unsecured debt of $25,000.00.  (*See* Exhibit B at pp. 45-46.)  At the time, Cohen and Burstein were prosecuting a lawsuit against me for monetary damages in the Superior Court of New Jersey (the "State Court Action") and had obtained a judgment (the "State Court Judgment") in or about 2007.  Accordingly, I listed the State Court Action and State Court Judgment in the "List of Pending Lawsuits" section of my Statement of Financial Affairs, and also referenced Cohen and Burstein's counsel of record, Samuel Brown, Esq.  (*See* Exhibit B at p. 22.)  In addition, both Cohen and Burstein were included in the matrix of creditors filed with the Court, in care of Samuel Brown, Esq.  (*See* Exhibit B at p. 59)

4.      On July 29, 2010, the Court granted my discharge in bankruptcy.[1] (A true copy of the *Discharge of Debtor* entered at Dkt. No. 48 on July 29, 2010, is attached as **Exhibit C**.) On August 4, 2010, the trustee in the Chapter 7 Case, Nicholas J. Delzotti, noted the fact that my case was a "no-asset case" through a docket entry stating, in relevant part:

> I, Nicholas J. Delzotti, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee.

(*See* official docket of the Chapter 7 Case, a true copy of which is attached as **Exhibit D**, at August 4, 2010 entry.)

5.      Thereafter, on August 25, 2010, the Court entered its *Final Decree* [Dkt. No. 54] and closed the Chapter 7 Case. (A true copy of the *Final Decree* is attached as **Exhibit E**.)

B.      **Cohen and The Estate's Violations of the Discharge Injunction.**

6.      In 2012, after I had moved from the United States to Israel, Burstein's ex-wife and children, who were and are serving as the representatives of his decedent's estate (the "Estate"),[2] and Cohen sued me in Israel to collect the debts that arose from the State Court Judgment and were included in the discharge I received in the Chapter 7 Case. Since then, for the past five (5) years, Cohen and the Estate have been aggressively and relentlessly pursuing me

---

[1] Neither Cohen nor Burstein filed a complaint objecting to the dischargeability of their debts or my discharge in bankruptcy.

[2] Upon information and belief, Burstein passed away sometime after I commenced the Bankruptcy Case.

3

in Israel to collect the debts arising from the State Court Judgment. Their actions against me include, among other things: placing a lien on my car, which is my only asset; effectuating a "freeze" on my passport so that I am unable to travel to the United States to visit my family; hiring a private investigator who regularly follows me, including to my home and place of business; attempting to garnish my wages and freeze my bank accounts; pursuing collection from my sisters, who live in Israel and were not named as parties in the State Court Action or State Court Judgment; and placing an advertisement in an Israeli newspaper that depicts me as a person who does not pay his debts.

7. The actions of Cohen and the Estate have caused me extensive monetary losses, emotional distress, and embarrassment, and have taken a grave toll on my health, professional reputation, and personal relationships with members of my family. Clearly, they will spare no expense to destroy me as they pursue collection of debts that were discharged through the Chapter 7 Case almost seven (7) years ago. Accordingly, in order to prevent Cohen and the Estate from further violating the discharge injunction and compensate me for the extensive damages I have suffered as a result of their contemptuous actions, the Court should re-open the Chapter 7 Case, hold Cohen and the Estate in civil contempt, and award me damages against them, including but not limited to, the costs incurred in prosecuting the Motion.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                                               /s/ Uzi Marom_____
                                                                               UZI MAROM

DATED: June 22, 2017